**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jason C MacKendrick,<br>Plaintiff,<br>v.<br>Commissioner of Social Security Administration,<br>Defendant. | No. CV-25-03377-PHX-KML<br>**ORDER** |

Following a stipulated remand from this court, an administrative law judge ("ALJ") again denied plaintiff Jason MacKendrick's application for Social Security Disability benefits. (Administrative Record ("AR") 602-612.) The parties agree that decision was erroneous, but disagree on whether the case should be remanded for further administrative proceedings or for benefits. Because the record contains conflicts material to the disability determination, the case is remanded for further proceedings.

The parties agree the ALJ committed legal error both by discounting medical opinions without making sufficient consistency and supportability findings, and by rejecting MacKendrick's symptom testimony without specific, clear, and convincing reasons supported by substantial evidence in the record as a whole. (Docs. 10 at 18-23; 12 at 4-14.) But their positions diverge when they reach the scope of the remand: MacKendrick argues the ALJ would be required to find him disabled if his symptom testimony and his treating psychiatrist's opinions were credited as true, but the Commissioner points to additional medical opinions the ALJ improperly discounted that

conflict with other portions of the administrative record.

The Ninth Circuit applies a three-part test when determining whether to remand for benefits or further administrative proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). A court must first "ask whether the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion." *Id.* (simplified). Second, a court "determine[s] whether the record has been developed thoroughly and is free of conflicts, ambiguities, or gaps" such that remand for further proceedings would not be useful. *Id.* at 1046–47. And third, a court "credit[s] the discredited testimony as true for the purpose of determining whether, on the record taken as a whole, there is no doubt as to disability." *Id.* at 1045. When this three-part analysis is satisfied, a remand for calculation of benefits is permissible. But even if permissible, "it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Id.* Except in "rare circumstances," the "proper course" is to remand to the agency for further proceedings. *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (simplified).

As MacKendrick initially argued (Doc. 10 at 18-19), the ALJ improperly discounted multiple medical opinions without consistency and supportability findings solely because they were completed "outside the [disability] period at issue." (Doc. 10 at 8-10 (discussing AR 610).) This was legal error; reports containing observations made after the disability period may be relevant to assessing disability during the period at issue. *See Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988). For that reason—and based on the ALJ improperly using objective evidence as the only reason to discount MacKendrick's testimony—the first part of the credit-as-true test is satisfied. Skipping to the third step by crediting the improperly-rejected opinion evidence and MacKendrick's testimony, there is also little (although not "no") doubt he is disabled.

Nonetheless, a court should not remand for benefits unless, under step two of the credit-as-true analysis, the record is "free of conflicts." *Leon*, 880 F.3d at 10447. The medical opinions the ALJ improperly disregarded as falling outside the disability period

directly conflict with other opinions given before the first remand. (*Compare* AR 99-100 *and* 115-118 *with* AR 799-802.) Because these conflicts materially impact MacKendrick's residual functional capacity, resolving them is a task for the ALJ.[1] *See Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1003-04 (9th Cir. 2015); *Treichler*, 775 F.3d at 1101.

The case is therefore remanded for further administrative proceedings. On remand, the agency must reevaluate all medical opinion evidence (including the opinions of Dr. Krolik, Nurse Practitioner Cowart, Dr. Shelton, and Nurse Practitioner Ryan), reevaluate MacKendrick's subjective complaints, take further action to complete the administrative record, and issue a new decision.

Accordingly,

**IT IS ORDERED** vacating the August 29, 2024, decision of the ALJ and remanding for further administrative proceedings.

**IT IS FURTHER ORDERED** the Clerk of Court shall enter final judgment consistent with this order and close this case.

Dated this 28th day of September, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**

[1] MacKendrick also argues the ALJ rejected Dr. Krolik's opinion without sufficient consistency and supportability findings. (Doc. 10 at 13-18.) Because the ALJ will need to evaluate all the medical opinion testimony against the newer opinions, the court need not reach this issue.